David N. Tarlow (SBN 214050)
  dtarlow@ecjlaw.com
Catherine A. Veeneman (SBN 301574)
  cveeneman@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff, BMO Bank N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BMO BANK N.A.,<br><br>        Plaintiff,<br><br>   v.<br><br>KAL FREIGHT INC.; KAL TRAILERS & LEASING INC.; KAL PARTZ INC.; KVL TIRES INC.; and KALVINDER SINGH,<br><br>        Defendants. | Case No. 5:24-cv-2531<br><br>**COMPLAINT FOR:**<br>1. **BREACH OF LOAN AND SECURITY AGREEMENTS**<br>2. **BREACH OF WHOLESALE SECURITY AGREEMENT**<br>3. **BREACH OF CONTINUING GUARANTY**<br>4. **BREACH OF INTERLOCKING CONTINUING GUARANTY**<br>5. **CLAIM AND DELIVERY** |

NOW COMES Plaintiff BMO Bank N.A ("BMO"), by and through the undersigned counsel and for its Complaint against Defendants KAL FREIGHT INC., KAL TRAILERS & LEASING INC., KAL PARTZ INC., KVL TIRES INC. and KALVINDER SINGH, respectfully alleges as follows:

## PARTIES

1. BMO is a national banking association with its principal place of business located at 320 S. Canal Street, Chicago, Illinois 60606.

2. Defendant Kal Freight Inc. ("Kal Freight") is a Texas corporation with a principal place of business located 13850 Central Avenue, #300, Chino, California 91710.  Upon information and belief, Kal Freight also operates out of 10156 Live Oak Avenue, Fontana, California.  Kal Freight is a freight trucking company.

3. Defendant Kal Trailers & Leasing Inc. ("Kal Trailers") is California corporation with a principal place of business located at 10156 Live Oak Avenue, Fontana, California 92335.

4. Defendant Kal Partz Inc. ("Kal Partz") is a California corporation with its principal place of business located at 10156 Live Oak Avenue, Fontana, California 92335.

5. Defendant KVL Tires Inc. ("KVL Tires") is a California corporation with its principal place of business located at 10156 Live Oak Avenue, Fontana, California 92335.

6. Defendant Kalvinder Singh ("Singh", and together with Kal Freight, Kal Trailers, Kal Partz and KVL Tires, "Defendants") is an individual with a residence address of 9638 Novara Court, Stockton, California 95212.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between BMO and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants do business in this judicial district and a substantial part of the events giving rise to BMO's claims occurred in this judicial district.

# FIRST CAUSE OF ACTION
## (BREACH OF LOAN AND SECURITY AGREEMENTS)
*On Behalf of Plaintiff Against Defendant Kal Freight, Inc.*

9. On September 28, 2020, September 3, 2021, December 15, 2021, December 22, 2021, April 18, 2022, and April 27, 2022, Kal Freight executed Loan and Security Agreements (collectively, the "Loan Agreements") pursuant to which BMO financed Kal Freight's purchase of equipment (tractors and trailers utilized by Kal Freight in the operation of its freight trucking business) described therein (collectively, the "Original Equipment") and Kal Freight agreed to repay BMO the amounts set forth therein. True and correct copies of the Loan Agreements and any amendments or modifications thereto are attached hereto as Group **Exhibit "A"**.

10. Pursuant to the Loan Agreements, Kal Freight granted BMO a first-priority security interest in the Original Equipment, including all present and future attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto. See Group **Exhibit "A"**.

11. BMO properly perfected its security interest in the Original Equipment by recording its liens on the Certificates of Title and Lien Cards. BMO is in possession of copies of the Certificates of Title or Lien Cards for each unit of Original Equipment.

12. Under the terms and conditions of the Loan Agreements, failure to make a payment when due is considered an event of default. See Group **Exhibit "A"** at §5.1.

13. Kal Freight has defaulted under the Loan Agreements as a result of its failure to make payments when due under the Loan Agreements, including the payments due for April and May 2024.

14. On May 6, May 9 and June 10, 2024 (two separate agreements), Kal Freight executed Collateral Security Agreements in favor of BMO whereby Kal Freight pledged additional equipment to BMO as collateral to secure the Loan Agreements (the "Additional Equipment" and together with the original Equipment, the "Equipment"). True and correct copies of the Collateral Security Agreements are attached hereto as Group **Exhibit "B"**.

15. BMO properly perfected its security interest in the Additional Equipment by recording its liens on the Certificates of Title and Lien Cards. BMO is in possession of copies of the Certificates of Title or Lien Cards for each unit of Additional Equipment. A comprehensive list of the Equipment with serial numbers is attached hereto as **Exhibit "C"**.

16. Thereafter, Kal Freight and BMO entered into that certain Forbearance Agreement dated May 10, 2024 (the "Forbearance Agreement"), whereby Kal Freight agreed to, among other things, make certain payments to the Bank in exchange for BMO's agreement to forbear from exercising its rights and remedies under the Loan Agreements and related loan documents until August 15, 2024. A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit "D"**.

17. Kal Freight, however, failed to make the payment due for August 2024 under the Forbearance Agreement.

18. As a result, BMO declared (i) the Loan Agreements in default and (ii) the indebtedness due under each Loan Agreement immediately due and payable (as provided for under §5.2 of the Loan Agreements). A true and correct copy of the September 24, 2022, default and acceleration notice is attached hereto as **Exhibit "E"**.

/ / /

/ / /

/ / /

19. Under the Loan Agreements, upon acceleration Kal Freight is obligated to pay interest on all unpaid amounts at the rate of one and one-half (1½%) per month or the maximum rate not prohibited by applicable law. See Group **Exhibit "A"** at §§5.3.

20. In addition, under the Loan Agreements, Kal Freight is obligated to pay late charges and other fees due under the Agreements. See Group **Exhibit "A"** at §§3.3.

21. In addition, under the Loan Agreements, upon default, Kal Freight is obligated to pay all expenses incurred by BMO in retaking, holding, preparing for sale, and selling the Equipment. See Group **Exhibit "A"** at §§5.2.

22. In addition, under the Loan Agreements, Kal Freight is obligated to pay the attorneys' fees and costs incurred by BMO in the enforcement of its rights thereunder, including this lawsuit. *Id*.

23. Despite demand, Kal Freight has failed and refused to pay the amounts due and owing under the Loan Agreements to BMO.

24. BMO has performed all of its duties and obligations under the Loan Agreements.

25. Pursuant to the Loan Agreements, upon Kal Freight's default thereunder, Kal Freight was required to assemble the Equipment and deliver it to BMO. See Group **Exhibit "A"** at §§5.2.

26. The Equipment has not been returned to BMO.

27. In addition, the Equipment was to be kept at Kal Freight's and/or Kal Trailer's places of business in Fontana, California.

28. Upon information and belief, the Equipment is not at all times located at Kal Freight's place of business.

29. Pursuant to the Loan Agreements, Kal Freight is supposed to inform BMO of the current location of the Equipment. See Group **Exhibit "A"** at §§1.2.

///

30. Pursuant to the Demand Letter, BMO notified Kal Freight of its intent to exercise its rights and remedies under the Loan Agreements.

31. Notwithstanding the delivery of the Demand Letter and the demands made thereunder, Kal Freight has failed and refused to make payment in full under the Loan Agreements to BMO or return the Equipment.

32. Kal Freight's conduct, therefore, constitutes a material breach of the Loan Agreements.

33. As a consequence of Kal Freight's material breach of the Loan Agreements, BMO has incurred damages and is entitled to a money judgment for the total amount due and owing to BMO under the Loan Agreements, including attorneys' fees and the costs of this action.

34. As of November 20, 2024, the total amount due and owing to BMO under the Loan Agreements (exclusive of default interest, attorneys' fees and expenses) is as follows:

| ACCOUNT ENDING IN NO. | PRINCIPAL BALANCE DUE | UNPAID INTEREST AND FEES | TOTAL ACCELERATED BALANCE DUE | PER DIEM |
|---|---|---|---|---|
| 459001 | $351,985.61 | $13,509.95 | $365,495.56 | $175.99 |
| 143001 | $664,683.34 | $32,749.69 | $697,433.03 | $332.34 |
| 541001 | $2,420,713.61 | $103,489.79 | $2,524,203.40 | $1,210.36 |
| 241001 | $170,427.29 | $7,309.92 | $177,737.21 | $85.21 |
| 726001 | $1,272,998.76 | $54,545.63 | $1,327,544.39 | $636.50 |
| 526001 | $409,415.15 | $21,196.82 | $430,611.97 | $204.71 |
| **TOTAL** | | | $5,523,025.56 | |

35. Pursuant to the Forbearance Agreement, Kal Freight acknowledged the material breach of the Loan Agreements and released BMO from and waived all

rights to any claims, defenses and causes of action related to the Loan Agreements. See **Exhibit "D"**.

36. WHEREFORE, BMO respectfully prays that this Court (i) enter a judgment in its favor and against Kal Freight Inc. in the amount of $5,523,025.26 (the exact amount to be proven at or before trial), plus its attorneys' fees, costs, and interest, together with such other and further relief as this Court deems just and reasonable. (ii) order Kal Freight and its principal, Singh, to turn over the Equipment to BMO, (iii) order Kal Freight and its principal, Singh, to provide BMO with the current location of the Equipment and the identification of person(s) in possession of the Equipment, and (iv) order such further and other relief as this Court deems just and reasonable

## SECOND CAUSE OF ACTION
## (BREACH OF WHOLESALE SECURITY AGREEMENT)
*On Behalf of Plaintiff Against Defendant Kal Trailers & Leasing, Inc.*

37. On or about December 14, 2022, Kal Trailers, a retail seller of trailers and semitrailers, executed a Wholesale Security Agreement in favor of BMO pursuant to which BMO advanced loans to Kal Trailers (the "Advances") that Kal Trailers would use to purchase new and used trailers and semitrailers from manufacturers (the "Inventory"). Kal Trailers would then in turn sell or lease the Inventory to end users. A true and correct copy of the Wholesale Security Agreement, Rider A and the Amendment to Wholesale Security Agreement are attached hereto as Group **Exhibit "F"**.

38. Pursuant to the Wholesale Security Agreement, Kal Trailers agreed to pay BMO certain curtailments, interest and charges on the Advances on a monthly basis. Kal Trailers also agreed to pay BMO the outstanding amount of the Advances upon the sale, transfer or other disposition of the Inventory. See Group **Exhibit "F"**.

///

39. Further pursuant to the Wholesale Security Agreement, Kal Trailers granted BMO a security interest in the Inventory. *Id.*

40. Kal Trailers defaulted under the Wholesale Security Agreement by virtue of its failure to pay to BMO the Advances upon the sale, transfer or other disposition of the Inventory.

41. Subsequent to the default, Kal Trailers entered into the Forbearance Agreement and agreed to make certain payments to BMO. See **Exhibit "D"**.

42. Kal Trailers failed to make the payments as required by the Forbearance Agreement.

43. As a result, BMO declared (i) the Wholesale Security Agreement in default and (ii) the indebtedness due under the Wholesale Security Agreement immediately due and payable. A true and correct copy of the September 24, 2024, default and acceleration notice is attached hereto as **Exhibit "G"**.

44. Pursuant to the Demand Letter, BMO notified Kal Trailers of its intent to exercise its rights and remedies under the Wholesale Security Agreement.

45. Notwithstanding the delivery of the Demand Letter and the demands made thereunder, Kal Trailers has failed and refused to make payment in full under the Wholesale Security Agreement to BMO or return the Equipment.

46. Kal Trailers' conduct, therefore, constitutes a material breach of the Wholesale Security Agreement.

47. BMO has performed all of its duties and obligations under the Wholesale Security Agreement.

48. As of November 20, 2024, the total amount due and owing to BMO under the Wholesale Security Agreement (exclusive of default interest, attorneys' fees and expenses) is $6,327,808.69

49. Pursuant to the Forbearance Agreement, Kal Trailers acknowledged the material breach of the Wholesale Security Agreement and released BMO from and waived all rights to any claims, defenses and causes of action related to the Loan

Agreements. See **Exhibit "D"**.

50. WHEREFORE, BMO respectfully prays that this Court enter a judgment in its favor and against Kal Trailers & Leasing Inc. in the amount of $6,327,808.69 (the exact amount to be proven at or before trial), plus its attorney's fees, costs, and interest, together with such other and further relief as this Court deems just and reasonable.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTINUING GUARANTY)
*On Behalf of Plaintiff Against Defendant Kalvinder Singh*

51. BMO realleges and incorporates herein paragraphs 37-49 as paragraph 51.

52. On December 6, 2022, Singh executed a Continuing Guaranty whereby he personally, absolutely and unconditionally guaranteed the payment of all debt due BMO by Kal Trailers under the Wholesale Security Agreement (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit "H"**.

53. Kal Trailers is in default of the Wholesale Security Agreement as detailed in the Second Cause of Action.

54. Pursuant to the Guaranty, Singh is liable to BMO for all amounts due and owing BMO under the Wholesale Security Agreement.

55. Further, pursuant to the Guaranty, Singh is liable to BMO for its costs incurred in the collection of the amounts owed under the Wholesale Security Agreement, including BMO's attorneys' fees and court costs. See **Exhibit "H"**.

56. WHEREFORE, BMO respectfully prays that this Court enter judgment in its favor and against Kalvinder Singh, in the amount of $6,327,808.69 (the exact amount to be proven at or before trial), plus its attorney's fees, costs, and interest, together with such other and further relief as this Court deems just and reasonable.

///

# FOURTH CAUSE OF ACTION

## (BREACH OF INTERLOCKING CONTINUING GUARANTY)

*On Behalf of Plaintiff Against Defendants Kal Freight, Inc.
Kal Trailers & Leasing, Inc., Kal Partz, Inc. and KVL Tires, Inc.*

57. BMO realleges and incorporates herein paragraphs 9-35 of the First Cause of Action and paragraphs 37-49 of the Second Cause of Action as paragraph 57.

58. On or about December 14, 2022, Kal Freight, Kal Trailers, Kal Partz and KVL Tires (collectively, the "Interlocking Guarantors") executed an Interlocking Continuing Guaranty in favor of the Bank, each guaranteeing the obligations of and the payment of all debt due BMO from each other Interlocking Guarantor. A true and correct copy of the Interlocking Continuing Guaranty is attached hereto as **Exhibit "I"**.

59. Kal Trailers and Kal Freight are in default of the Loan Agreements and Wholesale Security Agreement as detailed in Counts I and II.

60. Pursuant to the Interlocking Continuing Guaranty, the Interlocking Guarantors are liable to BMO for all amounts due and owing BMO under the Loan Agreements and Wholesale Security Agreement.

61. Further, pursuant to the Interlocking Continuing Guaranty, the Interlocking Guarantors are liable to BMO for its costs incurred in the collection of the amounts owed under the Loan Agreements and Wholesale Security Agreement, including BMO's attorneys' fees and court costs. See **Exhibit "I"**.

62. WHEREFORE, BMO respectfully prays that this Court enter judgment in its favor and against Kal Freight Inc., Kal Trailers & Leasing Inc., Kal Partz Inc. and KVL Tires Inc., jointly and severally, in the amount of $11,850,834.25 (the exact amount to be proven at or before trial), plus its attorney's fees, costs, and interest, together with such other and further relief as this Court deems just and reasonable.

## FIFTH CAUSE OF ACTION

### (CLAIM AND DELIVERY)

*On Behalf of Plaintiff Against Defendants Kal Freight, Inc. and Kal Trailers & Leasing, Inc.*

63. BMO realleges and incorporates herein paragraphs 9-35 of the First Cause of Action and paragraphs 37-49 of the Second Cause of Action as paragraph 63.

64. Pursuant to the Loan Agreements, upon Kal Freight's default thereunder, BMO is lawfully entitled to possession of the Equipment.

65. Pursuant to the Wholesale Security Agreement, upon Kal Trailers' default thereunder, BMO is entitled to possession of the Inventory.

66. The Equipment and Inventory is wrongfully detained by Kal Freight and Kal Trailers.

67. According to the best knowledge, information, and belief of BMO the reason for Kal Freight's detention of the Equipment and Kal Trailers' detention of the Inventory is Kal Freight's refusal to comply with the terms of the Loan Agreements and Kal Trailers' refusal to comply with the terms of the Wholesale Security Agreement.

68. The Equipment and Inventory consists of tractors and/or trailers, together with any accessories, accessions, replacement parts or substitutions. Kal Freight and Kal Trailers are indebted to BMO in an amount that exceeds the current estimated value of the Equipment and Inventory, which is believed to be approximately $10,670,000.00. Therefore, the value of the Kal Freight and Kal Trailers' interest in the Equipment and Inventory is $0 for purposes of CAL. CODE. CIV. P. §515.010(a).

69. Based upon the best knowledge, information, and belief of BMO, the Equipment and Inventory is based out of a Kal Freight's and Kal Trailer's locations at 10156 Live Oak Avenue, 11184 Almond Avenue, 15082 and 15083 Valley

Boulevard, 14771 and 14875 Washington Drive, Fontana, California, but is unlikely to be at these locations at any given time.

70. There is an immediate danger that the Equipment and Inventory may be transferred, concealed or removed from the State of California or will become impaired in value by Kal Freight and Kal Trailers or by their failure to take care of the Equipment and Inventory in a reasonable manner.

71. At any given time, the Equipment and Inventory may be in possession of individuals or third parties that Kal Freight and Kal Trailers may not be in control of.

72. At any given time, Kal Freight and Kal Trailers may also sell or otherwise dispose of the Equipment and Inventory.

73. The Equipment and Inventory has not been taken for a tax assessment, or fine, pursuant to a statute; or seized under an execution against the property of BMO.

74. Given Kal Freight's and Kal Trailers' possession of the Equipment and Inventory, it is within the power of each to conceal, waste, encumber, convert, convey, or remove the Equipment from the jurisdiction of the Court, or BMO's post-judgment remedy would be otherwise inadequate.

75. BMO claims the value of the Equipment and Inventory not delivered to the officer by virtue of the enforcement of a writ of replevin.

## PRAYER

WHEREFORE, BMO respectfully prays for judgment against Defendants, and each of them, that:

1. An order granting the issuance of writs of possession be entered in favor of BMO granting BMO possession of the Equipment and Inventory;

2. BMO be awarded a judgment against Kal Freight Inc. and Kal Trailers & Leasing Inc. for the value of the Equipment and Inventory if not delivered;

3. BMO be awarded a judgment against Kal Freight Inc. and Kal Trailers

& Leasing Inc. for damages for detention;

4. BMO be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

5. BMO be granted such other and further relief as this Court deems just and proper.

DATED:  November 27. 2024

ERVIN COHEN & JESSUP LLP
David N. Tarlow
Catherine A. Veeneman

By: *Catherine Veeneman*
Catherine A. Veeneman
Attorneys for Plaintiff, BMO Bank N.A.